# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 93 C 6606 | **DATE** | 8/30/2004 |
| **CASE TITLE** | Sherman Flowers vs. Steven Klatick | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motions to Vacate Default Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant Steven Klatick's Motion to Vacate Default Judgment [Doc. 164-1] is denied as moot. Defendant Steven Klatick's Amended Motion to Vacate Default Judgment [Doc. 166-1] is denied. Any other pending motions are moot and terminated. This case is closed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 0 1 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 195 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| jar(lc) | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

SHERMAN FLOWERS,

        **Plaintiff,**

v.

EMILY KLATICK, & STEVEN KLATICK

        **Defendants.**

No. 93 C 6606

**HONORABLE DAVID H. COAR**

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant Steven Klatick's motion to vacate the default judgment entered against him on June 15, 1995. This motion seeks relief under Rule 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Defendant's Motion is denied.

### I. BACKGROUND

This case was originally filed on October 28, 1993. The Complaint filed on that date stated claims only against Defendant Emily Klatick ("Ms. Klatick"). Plaintiff, with leave of the court, filed its Amended Complaint on December 2, 1994. The Amended Complaint added Steven Klatick ("Mr. Klatick") as a Defendant. On April 29, 1995, Plaintiff delivered a copy of the Summons and Complaint against Mr. Klatick to Ms. Klatick at the residence they shared, 4444 W. Gunnison Street in Chicago. When Mr. Klatick failed to answer the Complaint, this Court entered a default judgment against him on June 5, 1995.

Defendant Steven Klatick now seeks to vacate the default judgment that was entered

against him in this case under Rule 60(b)(4) and Rule 60(b)(6) of the Federal Rules of Civil Procedure. Rule 60(b)(4) provides a mechanism for a party to obtain relief from a void judgment. Rule 60(b)(6) is a catch-all provision that provides a mechanism for a party to obtain relief for "any other reason justifying relief from the operation of the judgment." The Court will evaluate the case for relief from judgment under each provision of the rule separately below.

## II. RELIEF FROM A VOID JUDGMENT UNDER RULE 60(b)(4)

Rule 60(b)(4) permits a party to obtain relief from the operation of a judgment if "the judgment is void." Fed. R. Civ. Pro. 60(b)(4). In this case, Mr. Klatick asserts that the judgment is void because this Court never obtained personal jurisdiction over him due to a defect in service of process. Effective service of process is a prerequisite for this Court to exercise personal jurisdiction over a defendant. "A judgment is void for the purposes of Rule 60(b)(4) if the court that rendered it lacked jurisdiction . . . of the parties . . . ." Robinson Engineering Co. Pension Plan & Trust v. George, 223 F.3d 445, 448 (7th Cir. 2000) (quoting United States v. Indoor Cultivation Equipment From High Tech Indoor Garden Supply, 55 F.3d 1311, 1316 (7th Cir.1995)); see also United States v. Kramer, 225 F.3d 847, 857 (7th Cir. 2000) ("[T]he longstanding rule . . . [is] that a default judgment in a civil case is void if there is no personal jurisdiction over the defendant . . . .").

This Court obtains personal jurisdiction over the parties upon effective service of process, the requirements of which are established in Rule 4 of the Federal Rules of Civil Procedure. The Rule reads, in pertinent part: "Service . . . may be effected . . . by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and

2

discretion then residing therein . . . ." Fed. R. Civ. Pro. 4(e)(2). Service upon some person of suitable age and discretion at the defendant's "dwelling house or usual place of abode" is generally known as abode service; this is the method that Plaintiffs utilized (or attempted to utilize) against Defendant Steven Klatick in this case.

For abode service to be effective to establish personal jurisdiction in federal courts, the person to whom the service is delivered must meet the following three requirements: (1) the person must reside with the defendant at the defendant's dwelling; (2) the person must be of "suitable age"; and (3) the person must be of "suitable discretion."

In this case, there is no dispute that the first two requirements are met: Ms. Klatick resided with Mr. Klatick and she was 73 (a suitable age) at the time she received service for Mr. Klatick. Mr. Klatick's only argument that the service upon him was ineffective is that Ms. Klatick was not a person of "suitable discretion" to receive service on his behalf.

Generally speaking, service will be acceptable when it is left at the Defendant's abode with someone who resides there and has some duty to pass mail along to the Defendant. See Robinson Engineering Co. Pension Plan & Trust v. George, 223 F.3d 445, 453 (7th Cir. 2000) (citing cases where district judge was correct not to disturb default when "it was clear that the person who received the complaint and summons had some relationship to the person for whom service was intended and some duty to pass along mail and other documents to that person."). It is clear that the defendant does not actually have to receive the process for abode service to be effective. See 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, Civil 3d §1096 (3d ed. 2002).

There is a relative dearth of published opinions defining the contours of "suitable

3

discretion," but it is clear that the amount of discretion necessary to satisfy the rule is rather low. Courts have found service to be acceptable when it has been delivered to children as young as thirteen, see Holmen v. Miller, 206 N.W.2d 916, 919 (Minn. 1973), or to someone who has minimal ability to speak English, see Nuez v. Diaz, 421 N.Y.S. 2d 770, 774 (N.Y. Sup. Ct. 1979). In general, discretion for service purposes is the capacity to comprehend the circumstances of service and to act prudently in response.

In this case, Mr. Klatick alleges that Ms. Klatick lacked suitable discretion to receive service for him because she is mentally ill. In support of this allegation, Mr. Klatick provided the court with a psychological evaluation of Ms. Klatick performed by Dr. Robert E. Puls. Dr. Puls concluded that Ms. Klatick "suffers from a severe paranoid personality disorder with schizotypal features." See Def. Mot. Leave File Add'l Evidence, Ex. C at 2.

The broader question presented here, whether someone who "suffers from severe paranoid personality disorder with schizotypal features" is a person of suitable discretion to receive service under Rule 4(e)(2) of the Federal Rules of Civil Procedure, is not answerable in the abstract. Due to the varying nature and severity of this disorder, the Court cannot conclude as a matter of law whether people so afflicted possess suitable discretion to receive service under Rule 4(e)(2). What remains to be answered, though, is whether Ms. Klatick possessed suitable discretion to receive service for Mr. Klatick at the time that she received such service.

In most cases, questions about the discretion of the individual who received abode service would require a hearing to resolve. This case is unusual in that the person who received abode service was also conducting herself before this court in this same case. Consequently, the Court has first-hand experience with Ms. Klatick that would ordinarily be absent. In the Court's view,

4

this experience obviates the need for a hearing in this case.

There are two central pieces of evidence available to the Court regarding Ms. Klaticks' discretion at the time she received service for Mr. Klatick: her conduct before this court and the conclusion of Dr. Puls. In addition to his diagnosis of Ms. Klatick's mental illness, Dr. Puls also concluded that "[Ms. Klatick] was not capable of appropriately discharging her duties [or] . . . act[ing] responsibly about the notice she received from the court [in 1995]." See Def. Mot. Leave File Add'l Evidence, Ex. C at 2. Weighing against that conclusion is Ms. Klatick's conduct of her own defense against the same charges in this case. Ms. Klatick answered the Complaint and retained counsel to represent her. As the litigation progressed, she became increasingly uncooperative with the opposing party and the Court, choosing eventually to absent herself from the trial proceedings. Her mental illness almost certainly contributed to the choices that she was making about the litigation, but it did not deprive her of the ability to comprehend the gravity of the situation. Ms. Klatick's behavior before this court undermines Dr. Puls' *ex post* conclusion that she was incapable of appropriately discharing her duties about the notices she received from this Court.

As noted above, the amount of discretion required to receive abode service for another is not high. Ms. Klatick, despite suffering from a severe mental illness, had the wherewithal to undertake a defense against the charges in this lawsuit. Under these circumstances, the Court concludes that Ms. Klatick possessed sufficient "discretion" to receive abode service for her brother, Mr. Klatick. Consequently, the Court obtained personal jurisdiction over him, and the default judgment is not void. Mr. Klatick's motion for relief from judgment under Rule 60(b)(4) must be denied.

## III.     RELIEF FROM JUDGMENT UNDER RULE 60(b)(6)

Mr. Klatick also seeks relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure, which allows parties to obtain relief from judgment "for any other reason justifying relief from the operation of the judgment." Fed. R. Civ. Pro. 60(b)(6). The Seventh Circuit has consistently held that to obtain relief under Rule 60(b)(6), a party must make a showing of extraordinary circumstances that would justify such relief. See, e.g., Lowe v. McGraw-Hill Companies, Inc., 361 F.3d 335, 342 (7th Cir. 2004) ("[Because] the first five subsections [of Rule 60(b)] . . . cover the waterfront[,] [t]he only work left for [subsection] (6) to do is to allow judgments to be set aside, without limitation of time, when the circumstances of its invocation are 'extraordinary.'").

Mr. Klatick's motion asserts that he has diminished mental capacity owing to a stroke he suffered prior to the litigation. In support of this position, Mr. Klatick offers the affidavit of Dr. Leslie Schaffer, M.D. Dr. Schaffer avers in her affidavit that Mr. Klatick "is unable to care for himself", "is not capable of physically challenging activity," and "requires . . . ambulant assistance in order to conduct his day-to-day affairs." None of this evidence is related to Mr. Klatick's mental capacity.

There is no evidence before this court that calls Mr. Klatick's mental capacity into question. Moreover, even if there were such evidence, it is far from clear that it would be grounds for relief under Rule 60(b)(6). Mr. Klatick, in addition to having no evidence of diminished mental capacity, had the capacity to seek bankruptcy protection in the years between the entry of default judgment and his present efforts to unseat the judgment. His pursuit of his legal remedies elsewhere further undermines his foundation for relief under Rule 60(b)(6). Having presented no evidence of extraordinary circumstances that would justify relief from

judgment, Mr. Klatick's motion for relief pursuant to Rule 60(b)(6) must be denied.

## CONCLUSION

Defendant Steven Klatick's Motion for Relief from Judgment under Rule 60(b)(4) and Rule 60(b)(6) is denied in its entirety.

**Enter:**

_____
David H. Coar
**United States District Judge**

**Dated: August 30, 2004**